IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LONNY DUNLUCK, AARON ANDERSON, ROBERTO MERAZ-AVILA, JASON MATHIASON, and DAVID PURDY<br><br>Plaintiff,<br><br>vs.<br><br>ASSICURAZIONI GENERALI S.P.A. – UK BRANCH,<br><br>Defendant. | CV 20–136–M–DLC<br><br>ORDER |

Before the Court is Plaintiffs' Unopposed Motion to Set Aside Entry of Default and Withdrawal of Application for Default Judgment. (Docs. 9; 11.) On October 9, 2020, this Court ordered Plaintiffs to show cause as to why it should conclude the Defendant has properly been served with process in this matter. (Doc. 7 at 3.) In response, Plaintiffs' filed their Response to Order to Show Cause (Doc. 8) maintaining that Defendant had properly been served with process in this matter pursuant to Montana Code Annotated § 33-1-606. (*Id.* at 7.)

Nonetheless, out of "an abundance of caution" Plaintiffs now move this Court to set aside the Clerk's Entry of Default (Doc. 5) so that they may "attempt an alternative form of service" on the Defendant. (Docs. 9; 10 at 2.) The

1

Plaintiffs' likewise seek to withdraw their Application for Default Judgment and Request for Hearing (Doc. 6). (Doc. 11.) Plaintiffs' request that any order setting aside the Clerk's Entry of Default (Doc. 5) or withdrawal of their application (Doc. 11) be without prejudice as to the validity of the service Plaintiffs maintain they have already accomplished. (Docs. 10 at 2; 11 at 2.)

Federal Rule of Civil Procedure 55(c) permits this Court to "set aside an entry of default for good cause." When determining whether to set aside an entry of default, this Court considers three factors, namely whether: (1) the plaintiff would be prejudiced if the judgment is set aside; (2) defendant has no meritorious defense; or (3) the defendant's culpable conduct led to the default. *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000). Critically, these factors are disjunctive meaning this Court may deny the motion "if any of the three factors [are] true." *Id.*

Here, the Court finds no basis upon which to deny the motion. First, the Plaintiffs would not suffer any prejudice, as they are the party moving to set aside the entry of default under Rule 55(c). Second, the Court finds that Defendant may at least have a meritorious defense related to service of process. (*See* Docs. 7–8.) Finally, the Court finds no basis upon which to conclude that the Defendant's culpable conduct let to the entry of default. As such, it will grant the motion.

Accordingly, IT IS ORDERED that Plaintiffs' motion (Doc. 9) is

GRANTED without prejudice as to the validity of service Plaintiffs maintain they have already accomplished.  The Clerk of Court shall set aside its Entry of Default. (Doc. 5.)  The Court reserves ruling on the issue of whether Defendant has been properly served with process in this matter.

IT IS FURTHER ORDERED that the Plaintiffs' Application for Default Judgment and Request for Hearing (Doc. 6) is WITHDRAWN, without prejudice as to the validity of service Plaintiffs maintain they have already accomplished.  As noted above, the Court reserves ruling on the issue of whether Defendant has been properly served with process in this matter.

DATED this 23rd day of October, 2020.

_____
Dana L. Christensen, District Judge
United States District Court